# EXHIBIT "A"

Fulton County Superior Court
***EFILED***TV
Date: 3/19/2021 5:55 PM
Cathelene Robinson, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of Fulton County

**For Clerk Use Only**

Date Filed 3/19/2021 (MM-DD-YYYY) Case Number 2021CV347229

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Walker | Dayon | | | | Marriott International, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney Logan Dale State Bar Number 957920 Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☒ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_______________ Case Number _______________ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_______________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

Fulton County Superior Court
***EFILED***MH
Date: 3/23/2021 10:15 AM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

**SUMMONS**

Dayon Walker

3503 Crawfordville Dr. Augusta, GA 30135

**Plaintiff,**

vs.

Registered Agent C T Corporation Systems

289 S. Culver Street Lawrenceville, GA 30046

**Defendant**

**Case No.:** 2021CV347229

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Dale & Cooley Law Firm, LLC
Logan Dale, Esq.
8312 Office Park Dr., Suite D
Douglasville, Georgia 30134; (P) 404-333-8657; (F) 404-393-3007

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This 17th day of March, 20 21

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By [signature]
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you ________________, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Copy from re:SearchGA

Fulton County Superior Court
***EFILED***MH
Date: 3/23/2021 1:18 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

**SUMMONS**

Dayon Walker

3503 Crawfordville Dr. Augusta, GA 30135

**Plaintiff,**

**vs.**

Registered Agent C T Corporation Systems

289 S. Culver Street Lawrenceville GA 30046

**Defendant**

) **Case No.:** 2021CV347229

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Dale & Cooley Law Firm, LLC
Logan Dale, Esq.
8312 Office Park Dr., Suite D
Douglasville, Georgia 30134; (P) 404-333-8657; (F) 404-393-3007

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This 19th day of March, 20 21

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By [signature]
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you ____________, 20____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Copy from re:SearchGA

Fulton County Superior Court
***EFILED***TV
Date: 3/19/2021 5:55 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **DAYON WALKER** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION No.** 2021CV347229 |
| **MARRIOTT INTERNATIONAL, INC.** | ) | |
| **Defendant** | ) | |

**COMPLAINT**

COMES NOW Dayon Walker ("Plaintiff"), and files this Complaint against Marriott International, Inc., ("Defendant") as follows:

**CLAIM**

**1.**

In this Claim for Relief (Negligence, Negligent Hiring/Training, Breach of Contract, Nuisance, Defamation, Trespass to Chattels, False Imprisonment, and Intentional Infliction of Emotional Distress), Plaintiff seeks relief pursuant to O.C.G.A. §51-1-2; 51-2-1; 34-7-20; 41-1-4; 13-3-1; 51-5-4; 51-10-1 and 51-7-20, to redress the violation of Plaintiff's state statutory rights. Defendant, by and through agents of its business acted negligently by breaching its duty of care, failing to properly hire and train employees, and breached its contract with the Plaintiff.

**PARTIES AND JURISDICTION**

2.

The incident giving rise to this complaint occurred on October 4, 2019 at Marriott International located at 265 Peachtree Center Ave NE Atlanta, Georgia 30303 in Fulton County.

Copy from re:SearchGA

3.

Plaintiff resides at 3503 Crawfordville Drive Augusta, Georgia 30909 and submits himself to the jurisdiction and venue of this Honorable Court.

4.

Defendant Marriott International, Inc. is incorporated in Delaware but has a registered agent in Gwinnett County. C T Corporation System is the registered agent, and may be served with a copy of this Summons and Complaint at 298 S. Culver Street, Lawrenceville, GA 30046.

5.

Jurisdiction and venue are proper and appropriate in the Superior Court of Fulton County, because the alleged causes of actions making up the subject matter of this complaint occurred in Atlanta, Georgia.

**FACTUAL ALLEGATIONS**

6.

Plaintiff suffered severe psychological injuries when he was a guest at Defendant's place of business on October 4, 2019 in Fulton County, Georgia. Plaintiff was a guest at the Defendant's place of business the Marriott at the Atlanta location where he checked in on October 3, 2019 and was suppose to check out late per request on October 4, 2019

7.

Mr. Walker reserved a room with the Defendant in order to be closer to his grandfather, who was receiving medical treatment at Emory Hospital.

8.

On October 4, 2019, when Mr. Walker returned to the hotel he was not able to gain entry to his room, on two separate occasions, due to the room key no longer working.

Copy from re:SearchGA

9.

After the first failed attempt, Mr. Walker sought assistance from Defendant's staff to open his room door. The Staff informed Mr. Walker that they entered the room earlier, without his permission, and searched his belongings.

10.

The staff informed Mr. Walker that they started turning over the room, believing that Mr. Walker had checked out. However, Mr. Walker still had a valid reservation to his hotel room.

11.

Mr Walker's belongings were still in the room and during this process the Defendant's cleaning staff intentionally went through Mr. Walker's personal belongings, which were located in his closed (not readily apparent) bag.

12.

While the Defendant's cleaning staff was searching through Mr. Walker's closed bag, they found a weapon, which was registered and licensed to Mr. Walker. Defendant's staff reported this to their management who in turn reported it to the police.

13.

After being informed by Defendant's Staff, Mr. Walker returned to his hotel room to try and enter for a second time. Unbeknownst to Mr. Walker, the Atlanta Police were inside Mr. Walker's room investigating the information about the weapon. As Mr. Walker was attempting to reenter the room he was stopped by the Atlanta police, who were exiting the room and would not let Mr. Walker into his hotel room.

Copy from re:SearchGA

14.

As a result of the information provided by the Defendant's staff and after investigating Mr. Walker's room, the Atlanta Police subsequently put Mr. Walker into handcuffs in front of a crowded hallway, full of other visitors.

15.

Mr. Walker was psychologically traumatized by the fact that he was at a facility where he should have felt safe, secure and comfortable.

16.

Upon the conclusion of the Atlanta Police Department investigation of the incident it was found that the weapon was registered to Mr. Walker and that he had a license to carry permit.

17.

Once released from Police custody, Defendant refused to apologize and demanded that Mr. Walker leave the premises even though he had a paid reservation and was cleared by the Atlanta Police.

18.

Before leaving the premises, Mr. Walker spoke to Defendant's employee, JOHN DOE, who admitted to opening and checking Mr. Walker's property without his, express or implied, consent.

19.

The Defendant created an environment where Mr. Walker was publicly humiliated, embarrassed and racially profiled. Furthermore, the Defendant left Mr. Walker stranded in Atlanta without a room even though he paid a fair price to reserve the room. Because of those

Copy from re:SearchGA

actions, Mr. Walker started experiencing symptoms of PTSD resulting in interference with his daily activities.

20.

Furthermore, Mr. Walker did not contribute in any way to the injuries he sustained.

21.

After the false arrest, Mr. Walker sought treatment at LAWC Counseling Services, where he received medically necessary diagnosis and treatment. Mr. Walker was diagnosed with Major Depressive Disorder as a result of Defendant's actions.

22.

Mr. Walker's medical expenses are a direct and proximate result of the injuries he sustained when he was embarrassed, harassed, handcuffed, racially profiled and placed in a false light while at the Defendant's business.

**COUNT ONE - NEGLIGENCE**

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant was negligent in the following manner: **Breached of its Duty of Care.**

25.

Defendant's agent illegally trespassed into the Plaintiff's room. Resulting in the Plaintiff being falsely arrested based on information received by Defendant and their agents.

Copy from re:SearchGA

26.

Plaintiff did not cause or contribute to his injuries and was not negligent in any manner.

27.

As a result of the Defendant's negligence, the Plaintiff had to seek psychological treatment from a psychologist for his injuries.

28.

Plaintiff is suffering from insomnia, paranoia, restlessness, anxiety, panic attacks, feelings of worthlessness, crying spells, depressed mood, and lack of appetite because of the injuries he received due to the Defendant's negligence.

29.

Plaintiff was diagnosed with Major Depressive Disorder.

30.

That the Plaintiff received necessary medical treatment because of the Defendant's negligence.

31.

That Plaintiff should be allowed to recover all past and future special damages, including medical expenses and lost earnings that flow from the aforesaid negligence of the said Defendant.

32.

That as a result of Defendant's negligence, Plaintiff has sustained the following bills and expenses:

| | |
|---|---|
| **LAWC Counseling Services** | **$4,835.00** |
| **Future Medicals** | **$50,000.00** |
| **Total Special Damages To Date** | **$54,835.00** |

Copy from re:SearchGA

## COUNT TWO – NEGLIGENT HIRING, AND TRAINING

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

JOHN DOE was acting within the scope of his employment when he did not exercise due care for the Plaintiff, causing injury.

35.

It was reasonably foreseeable that the employee could have caused this type of injury based on a lack of training, experience and lack of supervision.

36.

Defendant's negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT THREE – BREACH OF CONTRACT

37.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38.

Plaintiff contracted with the Defendant for hospitality services.

39.

Plaintiff paid consideration for those services.

40.

Plaintiff was not provided the quality care that was bargained for in the contract.

Copy from re:SearchGA

41.

Defendant breached their legal, contractual, or assumed duty to the Plaintiff by failing to provide the services as required by their contract and by failing to provide professional services in compliance with the applicable standards.

42.

That Defendant should be held liable for Plaintiff's damages in an amount to be determined according to Georgia Law.

43.

That Plaintiff should be allowed to recover all past and future special damages, including medical expenses and lost earnings that flow from the aforesaid negligence and breach of Contract of the Defendants.

**COUNT FOUR - NUISANCE**

44.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 43 above as if fully restated.

45.

The unsafe and lack of privacy provided at the premises located at 265 Peachtree Center Ave NE, Atlanta, Georgia 30303 was a continued and repeating condition which constitutes a nuisance under O.C.G.A. § 41-1-1. Said nuisance, created and/or tolerated by Defendants, proximately caused injuries to Plaintiff.

Copy from re:SearchGA

**COUNT FIVE - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

46.

Plaintiffs incorporate and re-alleges each and every allegation contained in paragraphs 1 through 45 above as if expressly set forth herein.

47.

Defendant acted recklessly when they failed to take necessary steps to protect Plaintiff from injury. Defendant's hostile conduct towards Plaintiff was intentional.

48.

The Plaintiff being falsely arrested, in front of other guests, due to misinformation given to the Atlanta Police by the Defendant led to Plaintiff seeking counseling for emotional distress. Defendant conduct was extreme and outrageous.

**COUNT SIX - DEFAMATION**

49.

Plaintiffs incorporate and re-alleges each and every allegation contained in paragraphs 1 through 48 above as if expressly set forth herein.

50.

Defendant made false, malicious and defamatory statements about Plaintiff, with the actual intent to injure Plaintiff.

51.

The Plaintiff has been irreparably injured as a result of the willful and malicious defamation, from which there exists no adequate remedy at law.

Copy from re:SearchGA

**COUNT SEVEN - FALSE IMPRISONMENT DUE TO NOT BEING ABLE TO GET INSIDE HIS ROOM**

52.

Plaintiffs incorporate and re-alleges each and every allegation contained in paragraphs 1 through 51 above as if expressly set forth herein.

53.

The Defendant locked the Plaintiff's hotel room with his personal belongings inside and canceled the Plaintiff's key access even though the Plaintiff had a reservation for that room resulting in an unlawful detention.

54.

The Plaintiff has been deprived of personal liberty as a result of the intentional acts of the Defendant.

**COUNT EIGHT - FALSE IMPRISONMENT DUE TO THE DEFENDANTS URGING LAW ENFORCEMENT OFFICIAL TO BEGIN CRIMINAL PROCEEDINGS**

55.

Plaintiffs incorporate and re-alleges each and every allegation contained in paragraphs 1 through 54 above as if expressly set forth herein.

56.

After the Defendants went through the Plaintiff's belongings, the Defendants called the Atlanta police department to investigate the scene.

57.

The Defendants instigated or procured the institution of criminal proceedings against the Plaintiff for possession of an illegal firearm.

Copy from re:SearchGA

58.

Due to the Defendants' actions, it illegally detained and confined the Plaintiff against his will and without his permission.

59.

Plaintiff has been deprived of personal liberty as a result of the intentional acts of the Defendant.

## COUNT NINE – TRESPASS TO CHATTELS

60.

Plaintiffs incorporate and re-alleges each and every allegation contained in paragraphs 1 through 59 above as if expressly set forth herein.

61.

The Defendant locked the Plaintiff's hotel room with his personal belongings inside and canceled the Plaintiff's key access even though the Plaintiff had a reservation for that room resulting in a deprivation of Plaintiff's possessions.

## COUNT TEN - PUNITIVE DAMAGES

62.

Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1 through 61 above as if expressly set forth herein.

63.

Pursuant to O.C.G.A. § 51-12-5.1(b), punitive damages should be awarded in this action. The **clear and convincing evidence** is that Defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of **conscious indifference to the consequences**. (Emphasis added).

Copy from re:SearchGA

64.

Pursuant to O.C.G.A. § 13-6-11, Defendant should be required to pay Plaintiff's expenses of litigation and attorney's fees because Defendant has acted in bad faith, has been stubbornly litigious, and has put Plaintiff to unnecessary trouble and expense by forcing Plaintiff into the Courts when no "bona fide controversy" exists.

**COUNT ELEVEN - ATTORNEYS FEES**

65.

Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1 through 64 above as if expressly set forth herein.

66.

Plaintiff is entitled to attorneys' fees, costs of litigation and expenses under O.C.G.A § 13-6-11 because the Defendants have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense of litigation.

**COUNT TWELVE - PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff prays that he has a trial on all issues and judgment against Defendant as follows:

(a) That Plaintiff recover the full value of past and future medical expenses in an amount to be proven at trial;

(b) That Plaintiff recover for mental pain and suffering;

(c) That Plaintiffs recover for emotional distress in an amount to be determined by the enlightened conscience of the jury;

(d). That Plaintiffs recover punitive damages, expenses of litigation, and attorney's fees;

(e). That all issues be tried before a jury and a writ of Fieri Facias issue;

Copy from re:SearchGA

(f). That Defendant be required to pay to Plaintiffs pre-judgment and post-judgment interest at the legal rate; and

(g) That Plaintiff recovers such other and further relief as is just and proper.

Respectfully submitted,

This 3rd day of March, 2021.

Logan Dale, Esq.
Attorney for Plaintiff
Georgia Bar No. 957920

Dale & Cooley Law Firm, LLC
8317 Office Park Dr, Suite D
Douglasville, Georgia 30134

Logan Dale
Associate Attorney
Telephone: 404-333-8657
Email: ldale@daleandcooleylaw.com

Jayla Cooley
Associate Attorney
Telephone: 770-406-6013
Email: jcooley@daleandcooleylaw.com

Copy from re:SearchGA

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy upon opposing counsel *Plaintiff Dayon Walker First set of Interrogatories, Request for Admissions and Production of Documents* by depositing the same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Marriott International, Inc
Registered Agent: C T Corporation Systems
289 S. Culver Street
Lawrence, GA 30046

Dated this 19th day of March 2021.

Logan Dale

Logan Dale, Esq.
Attorney for Plaintiff
Georgia Bar No. 957920

Dale & Cooley Law Firm, LLC
8312 Office Park Dr., Suite D.
Douglasville, Georgia 30134
Telephone: 404-333-8657
Email: ldale@daleandcooleylaw.com

Copy from re:SearchGA